UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CARIE LAVINE SOURS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 1:19-cv-1038

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff filed applications for DIB and SSI on February 26, 2016, alleging that she had been disabled since August 1, 2013. (PageID.184, 191.) Plaintiff was 34 years old at her alleged

onset date. (PageID.233.) She later amended her alleged onset date to February 17, 2016. (PageID.216.) Plaintiff graduated from high school and had some specialized job training. (PageID.239.) She had previous employment as a production assembler. (PageID.50.) Plaintiff's application was denied (PageID.118–19), after which she requested a hearing before an Administrative Law Judge (ALJ).

On September 18, 2018, ALJ Robert J. Chavez held a hearing and received testimony from Plaintiff and Toni McFarland, an impartial vocational expert. (PageID.57–88.) On December 27, 2018, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled from her amended onset date through the date of the decision. (PageID.42–52.) The Appeals Council denied Plaintiff's request for review on November 5, 2019. (PageID.24–27.) Therefore, the ALJ's ruling became the Commissioner's final decision. 20 C.F.R. §§ 416.1455, 416.1481. Plaintiff initiated this civil action for judicial review on December 11, 2019.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date, the ALJ found that Plaintiff suffered from severe impairments of degenerative disc disease of the spine; migraine headaches; obesity; post-traumatic stress disorder; adult antisocial behavior disorder; major depressive disorder; and anxiety disorder. (PageID.44–45.) The ALJ found that Plaintiff's medically-determinable impairments of substance abuse disorder, diabetes mellitus, and sinus tachycardia were nonsevere. (PageID.45.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met

---

must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.43–44.)

The ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff:

> (1) can occasionally climb ramps/stairs, balance, stoop, kneel, crouch or crawl; (2) cannot climb ladders, ropes, or scaffolds; (3) cannot work at unprotected heights or around moving mechanical parts; (4) can perform simple, routine, and repetitive tasks and make simple work-related decisions; and (5) can tolerate occasional interaction with supervisors, co-workers and the public.

(PageID.46.)

The ALJ found that Plaintiff could perform her past work as a production assembler. (PageID.50.) Alternatively, at step five, based on testimony from the vocational expert, the ALJ found that Plaintiff could perform the occupations of housekeeping cleaner, officer helper and router, 503,000 of which existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.50–51.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## **DISCUSSION**

Although Plaintiff asserts that the ALJ's "decision is marred by legal error and his determination is not supported by substantial evidence" (ECF No. 11 at PageID.1050), she takes issue only with the ALJ's evaluation of her subjective symptoms pursuant to SSR16-3p. Specifically, she contends that the ALJ failed to properly evaluate the type, dosage, effectiveness, and side effects of her medications as SSR 16-3p requires.

The ALJ's analysis satisfied the requirements of SSR 16-3p, which guides an ALJ in evaluating a claimant's statements concerning the intensity, persistence, and limiting effects of

5

symptoms of an alleged disability. "While SSR 16-3p eliminated the use of the term 'credibility,' the regulatory analysis remains the same." *Karmol v. Comm'r of Soc. Sec.*, No. 1:17-cv-977, 2019 WL 1349485, at *3 (W.D. Mich. Mar. 26, 2019). As explained in *Palmer v. Commissioner of Social Security*, No. 1:17-cv-577, 2018 WL 4346819 (W.D. Mich. Aug. 9, 2018), *report and recommendation adopted*, 2018 WL 4334623 (W.D. Mich. Sept. 11, 2018):

> The longstanding two-part analysis for evaluating symptoms applies. 20 C.F.R. § 404.1529(a). "An ALJ must first determine 'whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.' If such an impairment exists, the ALJ 'must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.'" *Morrison v. Commissioner*, 2017 WL 4278378, at *4 (quoting *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007)). Relevant factors to be considered in evaluating symptoms are listed in 20 C.F.R. § 404.1529(c)(3). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases); *see also Carsten v. Commissioner*, No. 15-14379, 2017 WL 957455, at *4 (E.D. Mich. Feb. 23, 2017). *Id.* at *6.

Consistent with prior ruling SSR 96-7p, *see Rogers*, 486 F.3d at 248, SSR 16-3p explains that an ALJ's decision must "contain specific reasons for the weight given to an individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. Moreover, the same rules of review apply to an ALJ's assessment of a claimant's symptoms under SSR 16-3p that applied to a credibility assessment under SSR 96-7p. That is, the ALJ's determination must be afforded deference so long as it is supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* The Sixth Circuit has said that such findings "may not be disturbed

6

absent compelling reason," and in general, "are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (internal quotation marks omitted).

Although the regulations require an ALJ to consider, among other things, "[t]he type, dosage, effectiveness, and side effects of any medication" the claimant has taken to alleviate her pain, 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv), the ALJ is not required to discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Allegations of a medication's side effects must be supported by objective medical evidence." *Daniels v. Comm'r of Soc. Sec.*, No. 1:07-cv-528, 2008 WL 4394356, at *8 (W.D. Mich. July 29, 2008) (citing *Farhat v. Secretary of Health & Human Servs.*, No. 91-1925, 1992 WL 174540, at *3 (6th Cir. July 24, 1992)). Here, Plaintiff relies solely on her own hearing testimony and self-reported symptoms to support her assertion that her medications make her so tired and nauseated that she is unable to work. (ECF No. 11 at PageID.1053.) However, Plaintiff fails to point to any evidence in the record that she reported such severe effects to her medical providers or that they noted that her medications caused the side effects she alleges. *See Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 665–66 (6th Cir. 2004) (where the plaintiff testified that she suffered from dizziness and drowsiness as a result of her medications, the ALJ did not err in finding that she suffered no side effects where her medical records did not show that she reported side effects to her physicians); *Bentley v. Comm'r of Soc. Sec.*, 23 F. App'x 434, 435 (6th Cir. 2001) (stating that "there was nothing in the notes of Bentley's treating physicians which reflected that Bentley's medication caused drowsiness as a side effect").

Given the ALJ's extensive discussion of the reasons supporting his decision to discount Plaintiff's subjective symptoms (PageID.47–49), the ALJ did not err in failing specifically to

7

discuss Plaintiff's medications. The ALJ's evaluation of Plaintiff's subjective symptoms was thus supported by substantial evidence.

For the same reasons, the ALJ did not err by failing to include additional limitations in his hypothetical questions to the vocational expert. *See Lee v. Comm'r of Soc. Sec.*, 529 F. App'x. 706, 715 (6th Cir. 2013) ("An ALJ is only required to incorporate into a hypothetical question those limitations he finds credible."); *Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x. 429, 438 (6th Cir. 2010) (noting that "it is . . .'well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact'") (quoting *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

## CONCLUSION

For the reasons stated herein, I recommend that the Commissioner's decision be **affirmed.**

Dated: February 16, 2021         /s/ Sally J. Berens
                                  SALLY J. BERENS
                                  U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).